UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERAH SPRAGUE CHADBROWN, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | 2:11-cv-00145-GZS |
| ) | |
| JAMES REED COLES, ) | |
| ) | |
|     Defendant ) | |
| --------------------------------------------------------------- | |
| JAMES R. COLES, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | 2:11-cv-00219-GZS |
| ) | |
| SUDIE REID COLES, a/k/a ) | |
| Terah Sprague Chadbrown, ) | |
| ) | |
|     Defendants ) | |

ORDER ON MOTIONS FOR RECUSAL

Terah Sprague Chadbrown, the plaintiff in a federal civil rights complaint filed in this court (2:11-cv-00145-GZS) and the defendant in an action removed to this court from the West Bath District Court, State of Maine (2:11-cv-00219-GZS), has moved for my recusal in each case. The basis of her motions is that I am biased against her. I have never met either the plaintiff or the defendant or the defendant's counsel in this case and I know nothing about the facts underlying these cases, with the exception of the documents that have been filed in this court. However, Ms. Sprague Chadbrown says I am biased based upon two facts: (1) I am a former state court judge (over eleven years ago) and Ms. Sprague Chadbrown believes that state court judges have sided with her ex-husband and violated her rights; and (2) Ms. Sprague

Chadbrown does not like the ruling I issued in the context of a recent discovery dispute.  I now deny both motions.

I am able to discern no legal basis for recusal in this case.  I am mindful that under 28 U.S.C. § 455, a judge must recuse herself in any proceeding "in which [her] impartiality might reasonably be questioned," or in which the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1).  Thus, a judge may be disqualified if:  "(1) the judge's impartiality may reasonably be questioned;  or (2) [s]he has a personal bias or prejudice concerning a party."  United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983).  A judge likewise "has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require."  Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995);  see also In re United States, 666 F.2d 690, 695 (1st Cir. 1981) ("The restricted mandate to disqualify is calculated to induce a judge to tread the narrow path between timidity and tenacity.").

I have no personal bias or prejudice concerning Terah Sprague Chadbrown, having never met her.  Nor do I believe that my impartiality might reasonably be questioned by any reasonable person reviewing the record merely because I served as a state court judge between 1985 and 2000.  I primarily sat in northern and eastern Maine and did not regularly preside in the West Bath District Court or in any court in Cumberland, Sagadahoc, or York counties.  My state court service between 1990 and 2000 was on the Maine Superior Court, primarily presiding at criminal and civil jury trials.  I was a District Court judge between 1985 and1990 and presided almost exclusively in the Bangor and Newport District Courts.  It is simply not a basis for disqualification in this case where the primary allegations involve judges from the West Bath

District Court and, apparently, the Maine Supreme Judicial Court as well.

I did have one discovery telephone conference with defendant's counsel and Ms. Sprague Chadbrown. That conference was requested by defendant's counsel because he was unhappy with the initial disclosures furnished by Ms. Sprague Chadbrown. She supplemented those disclosures prior to the hearing and there was no further discussion of that issue. At plaintiff's request three additional discovery issues were raised, and I granted Ms. Sprague Chadbrown relief on two of those issues. However, I denied her request to obtain medical records relating to the death of the defendant's mother. Ms. Sprague Chadbrown sought these records because of, in her view, their "impeachment" value. Of course, as she has acknowledged, the present case is not about her ex-mother-in-law's death, but rather it is about money that her ex-husband wrongfully took from her. Nevertheless, plaintiff maintains that the defendant unlawfully killed his mother by giving her an excessive dose of morphine and that the medical records would reveal all of this and could be used for "impeachment" purposes. I can only assume that the plaintiff would ask the defendant if he murdered his mother and when he denied it, these records would, in her view, be used to impeach his testimony. I simply ruled that I would not issue a third-party subpoena to the hospital to produce those records in these circumstances. As is always the case, the plaintiff received notice of her right to appeal any ruling I make to the District Court Judge assigned to this case. Because she disagrees with my ruling, I am not legally obligated to recuse myself. If I am wrong, I will order the hospital to produce the records, when, and if, the judge assigned to the case determines they are discoverable under Rule 26 of the Federal Rules of Civil Procedure. Until such a ruling is made, my order on the discovery dispute remains the law of the case.

Ms. Sprague Chadbrown also takes issue with the fact that I <u>only</u> granted her leave to file 30 pages in response to the three defense motions. What she neglects to mention is that the defendant's primary motion was only eighteen pages in length (Doc. No. 16), his motion to dismiss her amendment (Doc. No. 23) was only four lines long, and his objection to plaintiff's addendum regarding joinder (Doc. No. 22) was seven lines long. Her opponents total submissions barely total twenty pages and my order allowing her up to thirty pages was more than fair, given the nature and complexity, or lack thereof, of the various motions.

## CERTIFICATE

Any objection to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered*
September 15, 2011

/s/ Margaret J. Kravchuk
United States Magistrate Judge