UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TERAH SPRAGUE CHADBROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:11-cv-00145-GZS |
| JAMES REED COLES, | ) ) ) ) | |
| Defendant. | ) | |

-------------------------------------------------

| | | |
|---|---|---|
| JAMES R. COLES, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:11-cv-00219-GZS |
| SUDIE REID COLES, a/k/a Terah Sprague Chadbrown, | ) ) ) ) | |
| Defendant. | ) | |

### ORDER ON MOTION TO ASSIGN A FAIR JUDGE

The Court dismisses Terah Sprague Chadbrown's motion to assign a fair judge because a legal challenge to a trial judge's refusal to recuse must be presented to the Court of Appeals, not to another district judge.

### I. STATEMENT OF FACTS

There are two matters before the Court involving these parties: *Terah Sprague Chadbrown v. James Reed Coles*, No. 11-cv-145-GZS, and *James R. Coles v. Sudie Reid Coles*, a/k/a *Terah Sprague Chadbrown*, No. 11-cv-219-GZS. On August

26, 2011 and September 6, 2011, respectively, Ms. Chadbrown[1] moved to recuse United States Magistrate Judge Margaret J. Kravchuk and United States District Court Judge George Z. Singal in both cases. *Mot. for Recusal* (Docket # 26 – *Chadbrown v. Coles*; Docket # 22 – *Coles v. Coles*); *Mot. for Recusal* (Docket # 28 – *Chadbrown v. Coles*; Docket # 25 – *Coles v. Coles*). On September 15, 2011, Judge Kravchuk and on September 26, 2011, Judge Singal denied the motions. *Order on Mots. for Recusal* (Docket # 32 – *Chadbrown v. Coles*; Docket # 29 – *Coles v. Coles*); *Order* (Docket # 37 - *Chadbrown v. Coles*; Docket # 34 – *Coles v. Coles*). On September 22, 2011, Ms. Chadbrown objected to Judge Kravchuk's Orders in both cases. *Obj. to Judge Kravchuk's "Order" Regarding Her Disqualification from the Above-Captioned Matters, Required By Title 28 – USC – 455(a) and (b)* (Docket # 35 – *Chadbrown v. Coles*; Docket # 32 – *Coles v. Coles*). Ms. Chadbrown's objections to Judge Kravchuk's Orders denying the motions to recuse remain pending.

On September 26, 2011, Ms. Chadbrown filed a letter with attachments in both cases addressed to this Judge, objecting to Judge Kravchuk's Order dated September 15, 2011, denying her motion to recuse. *Letter from Terah Sprague Chadbrown to The Hon. John A. Woodcock, Jr.* (Sept. 23, 2011) (Docket # 39 – *Chadbrown v. Coles*; Docket # 36 – *Coles v. Coles*). Then, on October 4, 2011, Ms. Chadbrown formally moved this Judge to reassign the cases from Judges Singal and Kravchuk to another judge. *Mem. of Law Re: Mot. to Assign a Fair Judge to the*

---

[1] The Complaint in Docket Number 11-cv-219-GZS refers to Terah Sprague Chadbrown as Sudie Reid Coles. However, Ms. Chadbrown's motion is signed "Terah Sprague Chadbrown" and the Court has used the name she has used.

*Above Matters Consistent with Substantial Justice and "Fundamental Fairness"* (Docket # 43 – *Chadbrown v. Coles*; Docket # 40 – *Coles v. Coles*).

## II. DISCUSSION

Ms. Chadbrown is clearly upset with Judge Singal's and Judge Kravchuk's decisions not to recuse themselves from her cases and she seeks judicial review of their Orders. As regards Judge Singal's decision not to recuse, this Judge is not authorized to hear appeals from decisions of other district judges. The Court of Appeals for the First Circuit is the proper court to hear such a challenge, either through interlocutory review of a denial of a motion to recuse by petition for a writ of mandamus or through appeal of a final judgment. *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981). "Ordinarily, a district judge's refusal to recuse is reviewable only on appeal of a final judgment." *In re Martinez-Catala*, 129 F.3d 213, 217 (1st Cir. 1997); *see also In re Vazquez-Botet*, 464 F.3d 54, 57 (1st Cir. 2006). However, "in unusual situations, interim review of such a refusal is available through writ of mandamus." *In re Martinez-Catala*, 129 F.3d at 217; *see also In re United States*, 666 F.2d at 694. Further, to maintain a petition for a writ of mandamus, the petitioner must show a "clear and indisputable" entitlement to relief. *In re Martinez-Catala*, 129 F.3d at 217.

As regards Judge Kravchuk's orders, Ms. Chadbrown has exercised her right to challenge her orders by objecting to the assigned district judge, Judge Singal. *See* FED. R. CIV. P. 72. He has not yet ruled on the merits of her objections. As the matter is now pending before the assigned district judge, this Judge is not

authorized to intervene in the case. If Ms. Chadbrown is dissatisfied with Judge Singal's decision on her objection, the proper avenue for judicial review will again be to the Court of Appeals for the First Circuit.

### III.   CONCLUSION

The Court DISMISSES without prejudice Terah Sprague Chadbrown, a/k/a Sudie Reid Coles' Motion to Assign a Fair Judge to the Above Matters Consistent with Substantial Justice and "Fundamental Fairness" (Docket # 43 – *Chadbrown v. Coles*; Docket # 40 – *Coles v. Coles*).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2011