UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TERAH SPRAGUE CHADBROWN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:11-cv-00145-GZS |
| JAMES REED COLES, | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Defendant James Reed Coles moves to dismiss a civil rights action brought in this court by his former wife now known as Terah Sprague Chadbrown. In responding to the motion to dismiss Chadbrown makes it crystal clear that she is bringing only federal civil rights claims against Coles (Resp. at 1,8, 9-10, Doc. No. 33)[1], stemming from her protection from abuse proceedings against Coles and his brother and the divorce proceeding initiated by Coles. Chadbrown seeks only money damages against Coles. (Doc. No. 33-5.) She is not seeking to overturn the divorce judgment, nor could she get such relief from this court. After careful consideration and review of the pleadings[2], I conclude that Coles is entitled to dismissal of this action.[3]

---

[1] Chadbrown also cites to two criminal statutes but she has no standing to bring criminal charges. See Keenan v. McGrath, 328 F.2d 610 (1st Cir.1964); accord Cok v. Consentino, 876 F.2d 1, 2 (1st Cir.1989) (family court dispute). She further faults a sheriff for failing to protect her from harm and describes this as a Fourth Amendment violation of her right to be free from seizure. (Resp. at 12.) She also goes on at length about a sheriff's failure to take her seriously and his false testimony at the protection from abuse hearing. (Id. at 12-13.)

[2] At the motion to dismiss stage of litigation I do not go beyond the allegations of the complaint and any explication of a plaintiff's theory of liability in response to the motion to dismiss. I have reviewed Chadbrown's various exhibits in trying to discern if she has a plausible basis for recovery but the undertaking is vexatious to say the least. Should the Court disagree with this recommendation, Chadbrown will have ample opportunity to present her evidence to the Court in further proceedings. This recommendation is premised on the cognizable motion to dismiss pleadings although I do reference, at times, Chadbrown's various exhibits.

**DISCUSSION**

In her response to the motion to dismiss, Chadbrown identifies the following civil rights claims against Coles. One, there was a violation of her right to equal protection under the law when the judge presiding over the 'Interim Order' hearing in the divorce proceeding failed to include in the Interim Order -- allegedly at Coles's behest -- an agreement about Coles's debt to Chadbrown for a car, her right to pursue Coles for financial misfeasance, a list of missing property, and a sum of money due Chadbrown. (Resp. at 2-3, 16; Doc. No. 33-4 at 3.)[4] Two, her due process rights were violated by the alleged procedural irregularities and improprieties in the state court protection from abuse and divorce proceedings. (Resp. at 4, 10, 16.) Three, her First Amendment right to free speech without fear of retaliation was infringed. (Resp. at 4, 10, 16.) And, four, Coles with the non-defendant state court judges, attorneys, court staff, and law enforcement officers conspired to interfere with Chadbrown's civil rights as forbidden by 42 U.S.C. § 1981 and § 1985. (Resp. at 9, 12, 13-14, 16.) Chadbrown references that Coles violated at least five of her civil rights (Resp. at 1), but I am unable to parse her opposition beyond those claims noted above.

*The 42 U.S.C. § 1983 Claims*

There is no question that Coles, the only defendant in this action, is not a state actor. See Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) ("It is black-letter law that a showing of interference with a constitutionally-protected right by someone acting under color of

---

[3] Today I also issued a recommended decision on a motion to remand the state court divorce proceeding that Chadbrown removed to this court. Coles v. Reid-Coles, 2:11-cv-00219-GZS.

[4] A transcript of the June 17, 2009, hearing concerning the agreement has been submitted by Chadbrown. (Doc. No. 47-13.) Related to this claim is Chadbrown's assertion that Coles banned her from participating in a portion of that hearing. From reading my reading of that transcript it appears that the process followed was to have Chadbrown testify first and then exit the courtroom and then have Coles testify. Counsel for both sides were present during all the testimony.

state law is a prerequisite to a § 1983 action.")(citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Monroe v. Pape, 365 U.S. 167 (1961)). With respect to the 42 U.S.C. § 1983 claims, state action is a jurisdictional requisite." Polk County v. Dodson, 454 U.S. 312, 315 (1981); see also Yeo v. Town of Lexington, 131 F.3d 241, 249 n.3 (1st Cir. 1997).

However, there are circumstances in which non-state actors can be held accountable for constitutional violations via 42 U.S.C. § 1983. "'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'" Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970)(quoting United States v. Price, 383 U.S. 787, 794 (1966)).[5]

To progress with this suit Chadbrown must allege a "plausible suggestion of conspiracy" between Coles and the various state actors mentioned in her complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 566 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949-50 (2009); Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); Purvis v. Ponte, 929 F.2d 822, 826–827 (1st Cir.1991). "Agreement may be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." Green v. Benden, 281 F.3d 661, 665 -666 (7th Cir. 2002) (emphasis added).

---

[5] In order to pursue Coles in this civil action Chadbrown need not name state-actor co-conspirators as defendants. However, she still must plead sufficient facts to connect Coles to the state action that allegedly violated her constitutional rights.

Chadbrown falls far short of alleging sufficiently fact-based allegations to support her theory that Coles conspired with state actors to violate her federal rights. In reviewing the complaint and Chadbrown's extensive response to the motion to dismiss, I find she has not met the plausibility standard of Twombly and Iqbal. She is clearly deeply suspicious of Coles's actions with regards to the state court proceedings but her conspiracy theory in terms of the non-defendant state actors is premised entirely on speculation fueled by her own suspicions. The alleged facts are that Coles was a state politician fifteen years ago, that some of the state judges and law enforcement officers have political connections, and that Coles's father was the president of Bowdoin College fifty years ago. Those facts simply do not go far enough to establish that there was premeditated collusion between Coles and the state actors involved in the series of proceedings and interactions of which she complains. If I assume the truth of those three factual allegations[6] they are insufficient to cross the line towards a plausible conspiracy claim. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Federal Rule of Civil Procedure 8(a)(2)). See also Pena-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004) (noting that "allegations in the complaint directed to conspiracy [that] are wholly conclusory and inadequate, under any pleading standard" justified dismissing conspiracy claims vis-à-vis Fourth and Fourteenth Amendment counts in a 42 U.S.C. § 1983 action); Priester v. Lowndes County, 354 F.3d 414, 423 n.9 (5th Cir. 2004) ("The allegation of a conspiracy between private and state actors requires

---

[6] I acknowledge that Chadbrown has other assertions of civil rights violations as to the non-defendant state actors but these are the three facts she hangs her hat on with respect to tying Coles to the state action of the judges and law enforcement agents she alleges violated her rights. Her conclusory assertions about corruption are not facts.

more than conclusory statements."); Tierney v. Vahle, 304 F.3d 734, 739 –40 (7th Cir.2002) (similar conclusion also on motion to dismiss).

"Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980); see also Marcello v. Maine, 457 F.Supp.2d 55, 62- 63 (D.Me. 2006) ("It is 'obvious, nonetheless, that something more than mere resort to a state court is required to transform the moving party into a co-conspirator or a joint actor with the judge.'") (quoting Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 259 (1st Cir.1993)); Coleman v. Zaccari, Civil No. 11–cv–046–SM., 2011 WL 4856831, 4 (D.N.H. Sept. 15, 2011) ("Stripped of the conclusory charges of fraud and a conspiracy between judges, an attorney, and a litigant, Coleman's complaint lacks sufficient allegations to state any plausible claim against a private party under section 1983.").

### *Sections 1981 and 1985*

This leaves Chadbrown's 42 U.S.C. § 1981 and § 1985 conspiracy claims which do not require that there is a nexus of conduct with state actors. With respect to 42 U.S.C. § 1981(c), Congress provided: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law. And as for 42 U.S.C. § 1985(3), the United States concluded that "the statute was meant to reach private action." Griffin v. Breckenridge, 403 U.S. 88, 101 (1971).

As indicated in the above discussion, Chadbrown has not alleged facts that create a plausible conspiracy theory involving Coles and any state or non-state actors. See Browne v. Sodexo, Inc., Civil Action No. 10–11995–JLT, 2011 WL 2729205, 7 (D. Mass. July 5, 2011) ("An illicit agreement is the essence of a [§ 1985(3)] conspiracy and without proof of such, there

5

can be no viable cause of action. Therefore, Browne's failure to allege such an agreement is fatal to his claim.") (quotations and citation omitted). And, with regards to the Section 1981 and 1985 claims, the allegations do not support any suggestion of discrimination other than that Chadbrown was personally wronged in the adjudication of these domestic proceedings. Chadbrown is not asserting that Coles discriminated against her because she was of a particular race or ethnicity (or class or gender). See Fantini v. Salem State College, 557 F.3d 22, 33 - 34 (1st Cir. 2009) ("We further agree with the district court's dismissal of Appellant's 42 U.S.C. § 1981, since Fantini failed to allege that she was discriminated because of her race. Although Appellant contends that the U.S. Supreme Court in Domino's Pizza Inc., v. McDonald, 546 U.S. 470 (2006), has reinterpreted the federal statute, 42 U.S.C. § 1981(a), by allegedly holding that race is no longer required to make out a claim under § 1981, we disagree."); Griffin, 403 U.S. at 101-102 & n.9 (Section § 1985) (cautioning that § 1985 was not "intended to apply to all tortious, conspiratorial interferences with the rights of others," holding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Chadbrown sets forth allegations against Coles that relay the history of a profound personal conflict, not a civil rights violation.

## CONCLUSION

For these reasons I recommend that the Court dismiss this action because the 42 U.S.C. § 1983 claims against Coles fail to state a claim and Chadbrown has likewise failed to plead tenable 42 U.S.C. § 1981 and § 1985 conspiracy claims against Coles.

### NOTICE
A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,

together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                       /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge

November 2, 2011